| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| | |
|---|---|
| LEVELLE MING, | |
|                             Plaintiff, | MEMORANDUM AND ORDER |
|         - versus - | 15-CV-643 (JG) |
| A.E.G. MANAGEMENT, | |
|                             Defendant. | |

JOHN GLEESON, United States District Judge:

On February 6, 2015, plaintiff Levelle Ming submitted a *pro se* employment discrimination complaint against A.E.G. Management. He attaches the November 4, 2014 letter from the Equal Employment Opportunity Commission ("EEOC") notifying him of his right to sue in federal court. Ming's request to proceed *in forma pauperis* is granted for the purpose of this order. However, the complaint is dismissed for failure to state a claim on which relief may be granted, with leave to replead within 30 days of the date of entry of this order.

## BACKGROUND

Ming alleges that this Court has jurisdiction on the basis of Title VII of the Civil Rights Act of 1964, by checking that line on the form complaint for employment discrimination actions. Compl. at 1. He has checked the lines on the form indicating that he was subjected to unequal terms and conditions of employment, retaliation, and that he was discriminated against on the basis of race. *Id.* at 3. However, he has not indicated his race on the line provided. *Id.* He also has checked the line for "Other acts" and specifies: "(1) creating a severe hostile work place (2) wrongful suspension (3) abuse of authority." *Id.* The complaint alleges that the defendant is still committing these acts against Ming. *Id.*

The complaint incorporates copies of email messages and a document captioned "Levelle Ming Case # 10167786" and titled "'Determination and Order after investigation' Rebuttal" ("Rebuttal"), which states "[I] strongly disagree and would like to appeal this decision." *Id.* at 8. The first of these documents is a copy of an email message dated January 20, 2015, which Ming sent to himself. *Id.* at 7. The subject line reads "Lynesse Tyree." *Id.* It states: "On 1/12/15 I was wrongfully Suspended by Lynesse Tyree (Director of Secu . . . [cut off]." *Id.* The message goes on to describe the "Extreme Hostile Environment" created by Tyree. *Id.* In the Rebuttal, Ming alleges that Jonathan Clayton and Jimmy Anderson exhibited sexually inappropriate behavior toward Joyce Rodgers, who complained to Ming about "numerous unwanted sexual comments and unwanted attention." *Id.* at 8-9, 15, 17. Ming apparently reported the incidents on behalf of Rodgers: "As soon as I spoke about what Johnathan did Anthony and Travis was attempting to protect themselves as well as Johnathan." *Id.* at 9. In one of the email messages, dated September 2, 2014, with the subject line "RE: Ming v. AEG Faciulities [sic] - Case No. 10167786," Donna West informed Ming that "you cannot complain and adjudicate o[n] Rodgers [sic] behalf." *Id.* at 18. The complaint does not indicate in what capacity West worked with Ming, but she appears to have held a supervisory position.

Subsequent details in the document appear to be explanations or rebuttals to prior allegations, but they do not provide a coherent narrative for what happened next. It appears that Ming took some action on Rodgers's behalf, that a stairwell and video cameras were involved, and that there was some question as to whether Ming was present on a stairwell while he was on security patrol. *Id.* at 9-10. There are several references to C.C.T.V. cameras in stairwells and requests "to stand in front of the camera." *Id.* at 11-12, 15. The Rebuttal implies that Ming perceived these requests to be unnecessary and onerous. Ming suggests that "the cameras maybe

able to rotate which could be done instead of demanding a security officer stay in front of a camera when they have other parts of the stairwell to cover and should be covered there was still no reason to call that many times when the first time the request was responded to" [sic]. *Id.* at 12. Ming also stated: "the re[s]pondent called me at least 7 times to stand in front of the camera and the respondent just happen to be Jimmy Anderson who was seriously jealous of my association with Miss Rodgers . . . ." *Id.* at 15. Ming allegedly requested to go home after an "unprofessional conversation" with "Josh, Lynesse, and Thomas Hopkins." *Id.* at 10, 16.

Ming states that he was suspended on January 12, 2015, *see* Compl. at 3, and his application to proceed *in forma pauperis* states that he is unemployed. ECF No. 2. However, the EEOC Right-to-Sue Notice is dated November 4, 2014, before the January 2015 suspension. Compl. at 22. The complaint does not state the reasons for his suspension. A copy of an email message, from Joyce Leung to Ming, includes the subject line "RE: Suspension" and offers him an opportunity to review his personnel files. *Id.* at 19. Another email from Justin Thomas to Ming is dated February 2, 2015 and includes the subject line "RE: Resignation," and asks Ming whether he is available later that day "to discuss." *Id.* at 20.

The complaint does not include any allegations of discrimination on the basis of race or any other suspect classification.

DISCUSSION

A complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept

legal conclusions." *Halebian*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, a *pro se* complaint must be liberally construed and no matter how "inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must accord a *pro se* complaint "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated[,]" a court must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, Ming must establish (1) that he is a member of the protected class, (2) that he was qualified for the position, (3) that he was subject to an adverse employment decision, and (4) that

the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Ming's complaint fails to state a claim under Title VII for discrimination on the basis of race because he has not identified himself as a member of a protected class based on race, nor has he presented any facts indicating that he was discriminated against on the basis of his race.

However, Title VII also provides protection from retaliation: "It shall be an unlawful employment practice for an employer to discriminate against any . . . employee[ ] . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). "To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007). The law protects employees from retaliation in response to filing formal charges of discrimination and from retaliation based on informal protests of discrimination, including complaints to management. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).

Ming alleges that he complained about sexual harassment or a hostile work environment on behalf of a female employee. His employer was aware of his complaint at least as early as of September 2, 2014, when West sent him an email message. However, Ming has not alleged that his employer took any materially adverse action against him as a result of his complaints on behalf of the other employee. He alleges that after he complained, he received

frequent calls to "stand in front of the camera" in the stairwell while he was on security patrol. It is not clear that he suffered any actionable change to his work environment after he complained. He was suspended on January 12, 2015, and the complaint draws no connection between the making or filing of his complaints and the eventual suspension. Accordingly, the complaint fails to state a claim for relief, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of Ming's *pro se* status, the Court grants leave to file an amended complaint to allege facts that would support a claim for race discrimination and retaliation under Title VII.

CONCLUSION

For the foregoing reasons, the complaint filed *in forma pauperis* is dismissed for failure to state a claim. *Id.* In light of Ming's *pro se* status, he is granted 30 days' leave to amend the complaint and replead his race discrimination and retaliation claims. In order state a claim for race discrimination pursuant to Title VII, he must allege that he is a member of a protected class; that he was qualified for the position; that he was subject to an adverse employment decision, *e.g.*, being fired or demoted; and that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. To state a claim for retaliation pursuant to Title VII, he must allege that he was engaged in a protected activity, *i.e.*, complaining about discrimination, of which his employer was aware; that he was thereafter subjected to an adverse employment action; and that there was a causal connection between the protected activity and the adverse action. Ming should include the dates and details of all relevant events, including complaints he made and subsequent actions by his supervisors, as well as any changes in the condition or status of his employment. The amended complaint must be submitted to the Court within 30 days from the date of this Order, be captioned as an "Amended Complaint," and bear the same docket number as this Order. The Amended

Complaint shall completely replace the original complaint. All further proceedings shall be stayed for 30 days. If Ming fails to file an amended complaint within 30 days, the Clerk shall enter judgment dismissing this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 26, 2015
Brooklyn, New York